IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTY COOPER, CHRISTINE CHAMPAGNE, CLEMETEAN WILLIAMS, NAKIA HOLMES JUPITER, DOMINIQUE COLEMAN, KEIA WALKER, LATONJA JONES, BRITTANY DUPAR, CAROL WALKER, and BARBARA JACKSON, On Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-4818 JURY TRIAL DEMANDED RULE 23 CLASS ACTION |
| Plaintiffs, | § § | |
| VS. | § § | |
| BAY AREA REGIONAL MEDICAL CENTER LLC, MEDISTAR SLN GP LLC, and MONZER HOURANI. | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs, BETTY COOPER, CHRISTINE CHAMPAGNE, CLEMETEAN WILLIAMS, NAKIA HOLMES JUPITER, DOMINIQUE COLEMAN, KEIA WALKER, LATONJA JONES, BRITTANY DUPAR, CAROL WALKER, and BARBARA JACKSON ("Plaintiffs"), on behalf of themselves and all other similarly situated employees, file this Complaint against BAY AREA REGIONAL MEDICAL CENTER LLC, MEDISTAR SLN GP LLC, and MONZER HOURANI ("BARMC" or "Defendants"), showing in support as follows:

### I.   NATURE OF THE CASE

1.      This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendants' failure to give the required WARN Act written notice to Plaintiff and similarly situated individuals (the "Class Members") in connection with a recent Mass Layoff and/or Plant

Closing at Defendants' single site of employment/operational units within that single site of employment at/from/through which Plaintiffs and the Class Members were employed during the relevant time period.

2.      Accordingly, Defendants are liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.      THE PARTIES, JURISDICTION AND VENUE

3.      Plaintiff Betty Cooper is an individual residing in Harris County, Texas.  Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

4.      Plaintiff Christine Champagne is an individual residing in Galveston County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

5.      Plaintiff Clemetean Williams is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

6.      Plaintiff Nakia Holmes Jupiter is an individual residing in Fort Bend County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular

compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

7.      Plaintiff Dominique Coleman is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

8.      Plaintiff Keia Walker is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

9.      Plaintiff LaTonja Jones is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

10.     Plaintiff Brittany Dupar is an individual residing in Brazoria County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

11.     Plaintiff Carol Walker is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598

and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

12.     Plaintiff Barbara Jackson is an individual residing in Harris County, Texas. Plaintiff was previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and was terminated on or about May 4, 2018. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

13.     The Class Members are affected employees who are similarly situated to Plaintiffs, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendants' Mass Layoff at its single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Plaintiffs' employment loss.

14.     Alternatively, the Class Members are affected employees who are similarly situated to Plaintiffs, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendants' Plant Closing at Defendants' single site of employment/operational units at/within that single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Plaintiff's employment loss.

15.     On information and belief, the single site of employment for purposes of the WARN Act is Defendants' principal place of business in 200 Blossom St, Webster, TX 77598.

16.     Alternatively, should discovery reveal that there is more than one single site of employment for Plaintiffs and the Class Members, then Plaintiffs reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

17.     Defendant Bay Area Regional Medical Center, LLC ("Bay Area") is a Texas corporation located at 200 Blossom St, Webster, Harris County, Texas.  Defendant may be served via service upon its registered agent for service, Monzer Hourani, 7670 Woodway, Suite 160, Houston, Texas 77063.

18.     Defendant Medistar SLN GP, LLC ("Medistar") is a Texas limited liability company with its principal place of business located at 7670 Woodway Drive, Suite No. 160 Houston, Texas 77063.

19.     Defendant Monzer Hourani ("Housrani") is a Texas resident that can be served with service at his principal place of business located at 7670 Woodway Drive, Suite No. 160 Houston, Texas 77063.

20.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

21.     During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

22.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claim, and the claims of the Class Members, on federal law, namely 29 U.S.C. §§ 2101-2109.

23.     Venue is proper in the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendants transact/transacted business in this District as identified above. 29 U.S.C. § 2104(a)(5).

24.     Venue is proper in the Houston Division of the United States District Court for the District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this Division. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this Division because, at all relevant times, Defendant transacts/transacted business in this Division as identified above.

### III.     FACTUAL BACKGROUND

25.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

26.      Defendants Bay Area and Medistar operated BARMC in Webster, Texas. Defendant Hourani is the director and manager of Bay Area and the President of Medistar. Bay Area and Medistar are both 100% owned by Hourani through subsidiary corporations. Hourani maintained sole control over all decisions made by Bay Area and Medistar. BARMC began operations in July 2014 and employed approximately 900 employees.

27.     Hourani frequently visited the facilities, interacted with and requested reports from BARMC employees.

28.     Upon information and belief, Hourani operated Bay Area and Medistar as a single corporate entity and comingled corporate funds with his own funds.

29.     On or about May 4, 2018, Plaintiffs and the Class Members employed at BARMC were notified of their immediate termination effective 5:00 p.m. that day. On information and belief, Plaintiffs allege that Defendants terminated approximately nine hundred (900) employees at BARMC, constituting the entirety of Defendants' BARMC workforce. Defendants closed the BARMC facility.

30.     Upon information and belief, there were substantial distributions made to Hourani and other corporate officers in the weeks leading to the May 4, 2018 layoff. Furthermore,

substantial amounts were paid out to entities and individuals related to Defendants for services that were never performed.

31.     Accordingly, this mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

32.     Based upon the operation of the business and commingling of funds, the shutting down of BARMC was made by all of the Defendants as a single employer.

33.     Plaintiffs were "affected employees" and "aggrieved employees" as defined by 29 U.S.C. §§2101(a)(5)& (a)(7) of the WARN Act entitled to receive notice.

34.     As a result, Plaintiffs suffered employment losses because of Defendants and did not receive the 60-day notice required by the WARN Act.

35.     Defendants did not inform Plaintiffs, the Texas Workforce Commission or the Mayor's office in Webster, Texas of the closing as required.

36.     Upon information and belief, shortly upon closing the BARMC facility, Defendants began selling its assets to other entities in which Hourani holds an interest. Such sale is not conducted on an arm's length basis.

### IV.    <u>WARN ACT CLAIMS</u>

37.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

38.     At material times, Plaintiffs and the Class Members were "full-time employees" of Defendants as that term is used in the Warn Act.

39.     At all material times, Defendants were and are an employer under the WARN Act. 29 C.F.R. § 639.3(a).

40.     At material times, Defendants employed, and continue to employ, 100 or more employees, excluding part-time employees.

41.     On information and belief, Defendants' 200 Blossom St, Webster, TX 77598 location constitutes/constituted a single site of employment for Plaintiffs and the Class Members. 29 C.F.R. § 639.3(i).

42.     The hospital operating at/from/through the single site of employment made the subject matter of this lawsuit constitutes/constituted an operational unit within that single site of employment of Defendants. 29 C.F.R. § 639.3(j).

43.     Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

44.     Each Class Member is similarly situated to Plaintiffs with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

**A.     <u>Mass Layoff</u>**

45.     During a 30 day or 90 day period from Plaintiffs' employment loss, Defendants ordered/executed a "Mass Layoff" at the single site of employment made the subject matter of this lawsuit. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

46.     Plaintiffs and the Class Members suffered an employment loss in connection with Defendants' "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

47.     On information and belief, 100% of the employees at the single site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

48.     Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendants' Mass Layoff made the subject matter of this lawsuit.

29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendants who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' Mass Layoff made the subject matter of this lawsuit.

        **B.**      <u>**Plant Closing**</u>

        49.      Pleading in the alternative, and on information and belief, Plaintiffs and the Class Members experienced a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). The hospital made the basis of this lawsuit was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

        50.      Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendants' Plant Closing made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendants who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' Plant Closing made the subject matter of this lawsuit.

        **C.**      <u>**No Written Notice of Mass Layoff and/or Plant Closing**</u>

51.     Plaintiffs and the Class Members were not provided with 60 calendar days' advance written notice by Defendants of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

52.     Plaintiffs and the Class Members were not provided with any written notice by Defendants prior to their employment loss, Mass Layoff and/or Plant Closing.

53.     Plaintiffs and the Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;   (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

54.     On information and belief, Defendants did not notify the Texas agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

**D.**     **Damages**

55.     As a result of Defendants' violations of the WARN Act, Plaintiffs and the Class Members have suffered damages. Plaintiffs and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.   CLASS ACTION ALLEGATIONS

56.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

57.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

58.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as: "All of Defendants' employees working at 200 Blossom St, Webster, TX 77598 that were terminated on or about May 4, 2018 without 60 days' advance written notice required by the WARN Act." Plaintiffs request the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendants' medical facilities.

59.     Plaintiffs and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

60.     Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

61.     On information and belief, the Class Members exceed 500 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendants' records.

62.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to

the class arising from Defendants' actions/omissions include, but are not limited to, the following:

    a.  Whether the provisions of the WARN Act apply;

    b.  Whether Defendants' employees at the single site of employment the subject of this lawsuit experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

    c.  Whether Defendants failed to provide the notices required by the WARN Act;

    d.  Whether Defendants can avail themselves of any provisions of the WARN Act permitting lesser periods of written notice; and

    e.  The appropriate method to calculate damages under the WARN Act.

63.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

64.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

65.    Plaintiffs are affected former employees of Defendants who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Plaintiffs are,

therefore, members of the class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the Class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

66.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

67.     Plaintiffs demand a jury trial.

## VII.   DAMAGES AND PRAYER

68.     Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Class Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a.     An order certifying that this action may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

b.     Designation of Todd Slobin and Ricardo Prieto of SHELLIST | LAZARZ | SLOBIN LLP, and of Galvin Kennedy and Carl Fitz of KENNEDY HODGES, LLP as Class Counsel;

c.     All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

d.     Pre-judgment and post-judgment interest;

e.     Costs;

f.      Reasonable attorney's/attorneys' fees; and

g.      All other relief to which Plaintiff and the Class Members are entitled.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
Todd Slobin
Texas Bar No. 24002953
tslobin@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

&

KENNEDY HODGES, LLP

By: */s/ Galvin B. Kennedy*
Galvin B. Kennedy
gkennedy@kennedyhodges.com
Texas Bar No. 00796870
Federal ID No. 20791
4409 Montrose Blvd. Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS